**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3536-18T1

STEPHANIE BOLASCI,

     Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR,
and ALLIED BEVERAGE
GROUP LLC,

     Respondents.

_____

Submitted May 28, 2020 – Decided June 24, 2020

Before Judges Haas and Enright.

On appeal from the Board of Review, Department of Labor, Docket No. 166,168.

Stephanie Bolasci, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Jane C. Schuster, Assistant Attorney General, of counsel; Sean P. Havern, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Stephanie Bolasci appeals from the March 20, 2019 final agency decision of the Board of Review of the Department of Labor and Workforce Development (Board) denying her application for unemployment benefits. We affirm.

Bolasci was employed as an operations administrator at Allied Beverage Group, LLC (Allied) from January 5, 2015 through October 3, 2018. Her duties included managing payroll records. An investigation of her performance revealed she altered the hourly rate paid to her husband. According to her former employer, Bolasci modified her husband's hourly rate from $16.50 per hour as a "temporary driver helper" to $22 per hour as a "driver." Allied determined Bolasci was not authorized to make this adjustment and that she overpaid her husband $2700. Accordingly, Bolasci was terminated.

Bolasci filed for unemployment benefits. On October 30, 2018, a Deputy from the Division of Unemployment and Disability Insurance issued a determination informing Bolasci she was disqualified for unemployment benefits based on gross misconduct, N.J.S.A. 43:21-5(b). Bolasci appealed to the Appeals Tribunal, which affirmed the Deputy's decision on December 10, 2018.

Bolasci claims she appealed to the Board via fax on January 4, 2019 but discovered on February 4, 2019 that the Board did not receive her appeal. On February 18, 2019, Bolasci hand delivered her appeal to the Board. Her appeal was dismissed on March 20, 2019 as untimely, without good cause, N.J.A.C. 12:20-4.1(h).[1]

On appeal, Bolasci simply and succinctly argues "[appellant] should receive unemployment benefits." We disagree.

Good cause exists when "the delay in filing the appeal was due to circumstances beyond the control of the appellant," N.J.A.C. 12:20-4.1(h)(1), or when "the appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented." N.J.A.C. 12:20-4.1(h)(2). Consistent with N.J.A.C. 12:20-4.1(h), the time Bolasci had to appeal from the Appeal Tribunal's decision expired on December 30, 2018. The Board determined Bolasci failed to establish good cause for waiting until February 18, 2019 to appeal. Additionally, the Board confirmed that "[a]lthough claimant

---

[1] Parties who wish to appeal the decision of the Appeal Tribunal have twenty days from the date the decision was mailed. N.J.S.A. 43:21-6(c). If a further appeal is not initiated, the Appeal Tribunal's decision is deemed to be the final decision of the Board of Review. Ibid.

contends that an earlier appeal was filed on January 4, 2019, this appeal was also filed late without good cause under N.J.A.C. 12:20-4.1(h) [(1) and (2)]."

Our review of an administrative agency decision is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). "If the Board's factual findings are supported 'by sufficient credible evidence, [we] are obliged to accept them.'" Ibid. (quoting Self v. Bd. of Review, 91 N.J. 453, 459 (1982)). We also accord substantial deference to the agency's interpretation of the statute it is charged with enforcing. Bd. of Educ. of Neptune v. Neptune Twp. Educ. Ass'n., 144 N.J. 16, 31 (1996). Given our deferential standard of review, there is no basis to disturb the Board's dismissal of Bolasci's appeal as untimely without good cause, which dismissal resulted in the adoption of the Appeal Tribunal's decision disqualifying Bolasci for benefits.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3536-18T1